Seawell, J.
The Legislature, in passing the act of 1812, clearly understood that all equitable interests were not included, and thereby subjected to sale at execution j for they add a separate clause, to render liable equities of Redemption. f
This act is litefally copied from the 29th of Car, 2, in-eluding personal estate, which, was not within the statuté Of Charles. In construing that áct, the Courts held, that it did not extend to an equity of redemption: and this Our Legislature seems to have been apprised of, from the circumstance of the additional clause. At all events, it •would seem, that the Legislature were aware that the statute, when kdopted, w.oUld retain the sanie construction Which had been put upon it. It, therefore, does not extend to every species of equitable interest in the nature of a trust; but the difficulty is in defining, distinctly, its limits. The ca|e of Lyster v. Dolland,* is, at best, but A dark one. The Chancellor assigns no reason why ah equity of redemption is not extendible; but contents him* *196 self %vith saving, that at first, he had supposed the wordé °f the statute were much larger, namely, that they were “ equitable interests,” but upon reading it, finds his mis* take, and that it does not extend to an equity of redemption. The design of the legislature certainly was, to free and discharge tho'se equitable estates from the control of the legal holder, when, by so doing, no injury or inconvenience was to be produced to others ; for, in a case wfiere their meaning is not clear and definite, we are bound to put such construction upon their acts, aa shall be Consistent with justice and reason. The effect of determining that the interest of the next of kin, is liaable, under this act, would be, entirely to exclude the claim of creditors and other next of kin, or of annihila^ ting the administrator, (at least fro tanto), and substituting in his stead as many trustees lor the creditors and next of kin of the deceased, as there should be purchasers of the property sold, and that without any security but their own solvency. This would be so monstrous and Would produce such confusion in the manner of applying and accounting for the assets, as should, without clear and manifest intent, prevent such interpretations And it makes no difference tftat there were no debts, for the essential quality of the estate is the same, whether thete be debts or not» And, moreover, the next of kin can, in no instance, receive his ratable part, without giving the refunding bond required by an act of Assembly. Were it not that the act declares the purchaser shall hold the estate freed and discharged” from the incumbrance_of the trustee, I should have thought there was no difficulty, and that the purchaser would have acquired precisely what the Defendant in the execution had, and stood in his shoes ; in which case, the legal dominion of the property must remain with the administrator till compelled to surrender it. And, possibly, this may be still the sound construction. But as to that, I will give no opinion. I should think, however, that the fair construction of the act was only to *197 affect express trusts and leave undisturbed those equita-bie interests in the nature of trusts. In whatever way the case is considered, it appears to me
There must be judgment for the Plaintiff.
Hall, j. Lowrie, J. Daniel, J. and Ruffin, J, were of the same opinjon.*

 Ves. Jr.